IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MALCOLM HOWELL BRANCH,

    Plaintiff,

v.

ZACK WALKER et al.,

    Defendants.

Case No. 22-cv-209-JFH

**OPINION AND ORDER**

    Plaintiff initiated this action on May 31, 2022, by filing a Petition for Monetary Damages in the District Court of Okmulgee County, Oklahoma. Dkt. No. 1-1. On July 22, 2022, Plaintiff filed a Notice of Removal, seeking to remove the action to this Court. Dkt. No. 1. Plaintiff asserts that the Court has jurisdiction to hear the case under 28 U.S.C. § 1332, which provides that the United States district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." Plaintiff also asserts that removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446, which govern the procedure for removal of actions from state courts. Dkt. No. 1.

    The Court need not decide whether it has jurisdiction based on diversity of citizenship under § 1332 because removal is precluded by §§ 1441 and 1446.[1] Under §§ 1441 and 1446, the right of removal is limited to defendants. *See* § 1441 ("Except as otherwise expressly provided by

---

[1] While the Court does not decide whether diversity jurisdiction exists in this Order, the Court notes that Plaintiff appears to have misconstrued the requirements for diversity jurisdiction under § 1332, referring only to diversity among defendants. Dkt. No. 1. Based on Plaintiff's filings, it appears that he is a resident of Oklahoma, as are a number of Defendants—which would destroy diversity jurisdiction. *See* § 1332.

Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)); § 1446 ("*A defendant or defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (emphasis added)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–09 (1941) (finding that in limiting the class of persons entitled to remove, Congress intended to preclude removal by plaintiffs); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court." (alteration in original) (internal quotation marks and citation omitted)).

The Court concludes that, even if Plaintiff could have originated his action in this Court under § 1332, he is precluded from removing the action after it was filed in state court.

IT IS THEREFORE ORDERED that this matter is REMANDED to the District Court of Okmulgee County, Oklahoma.

Dated this 28th day of July 2022.

                                                  JOHN F. HEIL, III
                                                  UNITED STATES DISTRICT JUDGE